UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MAURICE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 784 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| H.M. FUENTES and I.R. LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Larry Maurice Banks brought this action under 42 U.S.C. § 1983 against two Chicago police officers named Lopez and Fuentes. Banks is now on his fourth amended complaint, which identifies his claims as "unlawful restraint and unlawful arrest." Doc. 159 at ¶ 21. The unlawful restraint claim alleges that Defendants pulled over Banks for a traffic stop without probable cause, while the unlawful arrest claim alleges that Defendants effected a custodial arrest of Banks without probable cause. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is granted as to the unlawful arrest claim, which is dismissed with prejudice, and denied as to the unlawful restraint claim.

Pro se complaints must be construed "liberally" and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The well-pleaded facts alleged in the complaint are assumed true on a Rule 12(b)(6) motion. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Also pertinent at the Rule 12(b)(6) stage are exhibits attached to the complaint, *see* Fed. R. Civ. P. 10(c); *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004), and exhibits attached to the parties' briefs that are

"referred to" in the complaint and "central to [Banks'] claim," *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). In addition, orders entered and filings made in this and other courts are properly subject to judicial notice on a Rule 12(b)(6) motion. *See Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 676 n.2 (7th Cir. 2009); *United States v. Stevens*, 500 F.3d 625, 628 n.4 (7th Cir. 2007). To the extent an exhibit or a judicially noticed court document contradicts the complaint's allegations, the exhibit or document takes precedence. *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). Finally, a plaintiff can "plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *see also Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.") (internal quotation marks omitted).

The following facts are set forth as favorably to Banks as permitted by the fourth amended complaint, the exhibits, and the court documents subject to judicial notice. On October 29, 2006, at around 1:45 a.m., Banks was driving when Defendants began to follow him in their squad car. Banks did not commit any traffic violations or do anything else justifying a traffic stop. Defendants nonetheless activated their emergency lights and signaled Banks to pull over. Defendants approached Banks' car and asked him for identification. As the complaint expressly admits (Doc. 159 at ¶ 7), Banks "was unable to produce a valid driver's license." Defendants then ran a name check on Banks to see whether there were any outstanding warrants, and were informed of an "investigative alert" concerning Banks arising from a shooting incident several days earlier.

Upon learning of the investigative alert, Defendants placed Banks under arrest and took him to the District 8 Police Department for questioning. Defendants informed Banks that he was being charged with driving left of the center lane, operating a motor vehicle without insurance, theft of lost or mislaid property, and failure to carry a driver's license. At the station, Banks realized that he could not have been the individual described in the investigative alert because the physical description of the suspect did not match his own. Even though Defendants were aware that the physical descriptions did not match, they insisted that Banks was the subject of the investigative alert. The charges relating to the three alleged driving violations were dismissed days later. Doc. 179-1 at 8-10. Banks was charged, however, with more serious crimes possibly related to the investigative alert. Doc. 179-1 at 15-33.

Banks' unlawful restraint claim, which alleges that he was pulled over without probable cause, survives dismissal. Settled precedent holds that "[a] traffic stop and accompanying detention constitute a seizure under the Fourth Amendment," that "an automobile stop violates the Constitution if it is unreasonable under the circumstances," and that "[a] stop is reasonable if the officer has probable cause to believe that a traffic violation has occurred." *Phelan v. Vill. of Lyons*, 531 F.3d 484, 488 (7th Cir. 2008) (internal citations and quotation marks omitted). "Probable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011) (internal quotation marks omitted).

The only conceivable basis for the stop was that Defendants (supposedly) saw Banks driving left of the center lane; after all, Defendants could not have learned until after effectuating the stop that Banks had no insurance or driver's license or that he was in possession of lost or mislaid property. *See Carmichael v. Vill. of Palatine*, 605 F.3d 451, 458 (7th Cir. 2010) (in determining whether a traffic stop was supported by probable cause, the court's "focus" must be "on the facts [the officer] knew at the time that he decided to stop the vehicle"). But that moving violation was dismissed, so at this point the court is presented with a swearing contest—the complaint alleges that Banks did not cross the center line, while Defendants assert that he did. That dispute cannot be resolved on a Rule 12(b)(6) motion.

Defendants argue that Banks did not suffer any constitutional injury because he lawfully was placed under custodial arrest for being unable produce a valid driver's license. As discussed below, the custodial arrest was lawful. But if the initial stop was unlawful, which is an open question at this point, Banks was subject to an unlawful detention from the time he was pulled over until the time he was arrested. The pleadings do not reveal the length of time that passed between the commencement of the traffic stop and the arrest. Accordingly, at this stage of the case, it cannot be said that the (alleged) unlawful detention was so fleeting that it does not rise to the level of a constitutional injury.

Banks' false arrest claim, which alleges that he was arrested without probable cause, does not survive dismissal. "A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Banks was required by Illinois law to carry his license with him while driving. *See* 625 ILCS

5/6-112 ("Every licensee or permittee shall have his drivers license or permit in his immediate possession at all times when operating a motor vehicle and … shall display such license or permit … upon demand made … by a member of the State Police, a sheriff or other police officer …."). In the fourth amended complaint, Banks admits that he "was unable to produce a valid driver's license." Doc. 159 at ¶ 7. It follows that Defendants had probable cause to arrest Banks. *See Covington v. Smith*, 259 F. App'x 871, 875 (7th Cir. 2008) (because the plaintiff admitted that he was observed driving without a license, the officers had probable cause to arrest him, "an absolute defense to any wrongful arrest claim"); *Corbett v. White*, 2001 WL 1098054, at *3 (N.D. Ill. Sept. 17, 2001) ("Illinois law is perfectly clear that an officer has probable cause to make a custodial arrest when a driver fails to produce a valid driver's license at the scene of a lawful stop of the automobile.") (citations omitted). And because Defendants had probable cause to arrest Banks, they were entitled to take him into custody even though the charge was a misdemeanor, *see Atwater v. City of Lago Vista*, 532 U.S. 318 (2001), and even if their real reason for doing so was to question Banks regarding the investigative alert, *see Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *Whren v. United States*, 517 U.S. 806, 812-13 (1996).

The fourth amended complaint includes other allegations that possibly could be construed as stating claims other than unlawful restraint and false arrest. Defendants argued in their motion to dismiss that any such claims were not actionable. Doc. 179 at 5-6. In opposing dismissal, Banks did not maintain that he was pursuing any claims other than unlawful restraint and false arrest. Docs. 185, 195. Accordingly, any such additional claims have been forfeited. *See Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (holding that when a plaintiff is "presented with a motion to dismiss, [he] must proffer some legal basis to support his

cause of action," and that [t]he federal courts will not invent legal arguments for litigants") (internal citations omitted); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue ….") (citations omitted); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007).

Banks' request for leave to file a fifth amended complaint (Doc. 185 at 7) is denied. This case has been pending since early 2007, and Banks now is on his fourth amended complaint. There is no basis to believe that Banks could re-plead his false arrest claim in a manner that would survive dismissal. It is time for the pleadings to close. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

Finally, Banks' renewed motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for indigent litigants like Banks. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a *pro se* litigant submits a request for counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Ibid*. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id*. at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id*. at 654; *Gil v. Reed*, 381 F.3d 649,

656 (7th Cir. 2004); N.D. Ill. Local Rule 83.36(a) (listing the factors to be taken into account in determining whether to appoint counsel).

      After considering the governing factors, the court declines to assign counsel to Banks. First, Banks has failed to show either that he made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Second, Banks' unlawful restraint claim does not present complex legal, factual, or evidentiary issues. Third, Banks is a highly experienced pro se litigator who has proven himself more than capable of presenting his case. An independent factor warranting the denial of Banks' motion is the fact that three attorneys previously appointed to represent him in this case have been allowed to withdraw due to attorney-client conflicts. Docs. 32, 35, 70, 80, 104, 106. Banks has repeatedly complained about his own attorneys' handling of this case and even has threatened to seek sanctions and to report them to the state bar. Docs. 32, 70, 104. Given this history, which strongly suggests that the Banks rather than his attorneys is responsible for the attorney-client conflicts, the court will not assign Banks yet another attorney.

December 16, 2011                                                           
United States District Judge