# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0784 | **DATE** | 4-26-2012 |
| **CASE TITLE** | Larry Maurice Banks (#2011-0711085) vs. Paul Bieble, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for a preliminary injunction and attachment of assets [269] is denied. Plaintiff's motion for court-ordered access to the law library [270] is denied. However, the court certifies that this action is pending and requests that Cook County Jail officials grant Plaintiff reasonable access to the Jail's law library for purposes of prosecuting this case. Plaintiff's third motion to take depositions upon written questions [271] is denied. Plaintiff's motion "to compel Cook County Jail to give me my legal mail" [268] is denied. The Clerk is directed to mail a copy of this order to the Executive Director of the Cook County Correctional Center

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

Plaintiff Larry Maurice Banks, a detainee in the custody of the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His lone surviving claim alleges that Defendants, two Chicago police officers, violated his constitutional rights by pulling him over for a traffic stop without probable cause. This matter is before the court for ruling on pending motions.

Plaintiff's motion for a preliminary injunction and attachment of assets is denied. Plaintiff seeks an order enjoining Defendants from transferring assets and property to family members. However, Plaintiff has offered no basis for suspecting that Defendants will attempt to avoid payment of damages in the event that they are found liable of violating Plaintiff's constitutional rights. Plaintiff has not shown that Court action is warranted.

Plaintiff's motion for four hours per week in the law library is denied. Due to penological concerns of security and orderly administration, the Court will defer to the judgment of Cook County Jail officials with respect to scheduling inmates' use of the law library. The Court's intervention seems particularly unnecessary in light of Plaintiff's ability to file a steady stream of pleadings and motions in his own cases and on behalf of his fellow inmates in their. Nevertheless, the Court certifies that this action is pending and requests that Cook County Jail officials grant Plaintiff reasonable access to the Jail's law library, in a manner to be determined by jail officials, for purposes of prosecuting this particular case.

**(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

      Plaintiff's renewed motion for leave to take depositions upon written questions is denied. Plaintiff does not indicate whom he seeks to depose, but notes that the proposed deposition questions relate to the decision to *nolle prosequi* certain criminal charges. Again, the sole remaining issue in this case is whether Defendants were justified in pulling Plaintiff over for a traffic stop. The disposition of the criminal charges is a non-issue. Deposition questions relating to the dismissal of the criminal case could not lead to the discovery of relevant evidence.

      Plaintiff's motion to compel the Cook County Jail to deliver his legal mail is denied. The Court has no personal jurisdiction over Jail officials, who are not parties to this case. In addition, defense counsel, who represents the individual defendants, who are employees of the City of Chicago, cannot respond to the motion on behalf of the Jail or county. Plaintiff must initiate a separate lawsuit if he believes that jail officials are interfering with his access to the courts. The court trusts that the Jail's Executive Director will ensure that Plaintiff is being afforded appropriate access to the mails.