# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0784 | **DATE** | 4-26-2012 |
| **CASE TITLE** | Larry Maurice Banks (#2011-0711085) vs. Paul Bieble, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for recusal [265] is denied. Plaintiff's motion for the City of Chicago to indemnify Officers Lopes and Fuentes [263] is denied as unnecessary. Plaintiff's motion to compel [264] is denied without prejudice as moot in light of the 4/10/2012 order [275]. Plaintiff's motion for leave to file a fifth amended complaint [266] is denied.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff Larry Maurice Banks, a detainee in the custody of the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His lone surviving claim alleges that Defendants, two Chicago police officers, violated his constitutional rights by pulling him over for a traffic stop without probable cause. This matter is before the court for ruling on pending motions.

Plaintiff's motion "to recuse Judge Feinerman for bias, judicial conflict, and prejudice" is denied. There is no basis for recusal. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff believes that the Court is biased against him apparently because the Court granted defense counsel's motions to strike his discovery motions at a status conference/motion hearing held on March 6, 2012. However, bias cannot be inferred from adverse rulings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law"). The Court remains satisfied that Plaintiff's proposed deposition of a police sergeant could not lead to relevant information regarding whether Defendants were justified in pulling Plaintiff over; the same holds true for judges and prosecutors. The Court's rulings in this case do not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S.
**(CONTINUED)**

mjm

at 555. The Court assures Plaintiff that it has no bias against him and has rendered all rulings to date based solely on the Court's analysis of the applicable law.

Plaintiff's motion for the City of Chicago to indemnify Defendants is denied as premature. Citing 745 ILCS 10/9-102, Plaintiff seems to be attempting to ensure that the city indemnify Defendants should they be found liable. However, no motion is necessary. The statute does not provide a private cause of action against a municipality. "745 ILCS 10/9–102 ... does not offer an avenue for suit against [a municipality]. It provides only that a local public entity must pay 'any tort judgment or settlement for compensatory damages ... for which it or an employee while acting within the scope of his employment is liable.'" *Horstman v. County of DuPage*, 284 F. Supp. 2d 1125, 1131 (N.D. Ill. 2003) (quoting *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997)). "In other words, it does not bestow a right of action whereby a plaintiff may sue a municipality directly; rather, it makes the municipality an insurer for its employees." *Horstman*, 284 F. Supp. 2d at 1131, citing *Wilson*, 120 F.3d at 685. No motion is necessary to effectuate the indemnification statute.

Plaintiff also contends that Defendants have failed to respond to outstanding discovery requests. This motion was mooted by the court's entry of an order (Doc. 275) granting Defendants additional time to respond to Plaintiff's written discovery requests.

Plaintiff's motion for leave to file a fifth amended complaint is denied. Allowing Plaintiff to bring new claims against new Defendants at this stage of the proceedings would be unduly prejudicial to the defense, and would also unnecessarily prolong a case that has already been pending for over five years. Moreover, while the caption of the pleading names several new Defendants, only State's Attorney Mike Hogan is named in the body of the fifth amended complaint, and Hogan may not be sued for prosecuting Plaintiff. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Furthermore, new Defendants cannot be named after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Stallings v. Cook County*, No. 11 C 7464, 2012 WL 138629, *3 (N.D. Ill. Jan. 17, 2012). The Court cannot, of course, determine whether Plaintiff's claims against other officers relate back to the original complaint without knowing what Plaintiff's allegations against those officers may be. Plaintiff's proposed amendment is futile.