# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0784 | **DATE** | 7-17-2012 |
| **CASE TITLE** | Larry Maurice Banks vs. Paul Bieble, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for Rule 60 relief from judgment [321] and motion to compel the court reporter to turn over deposition transcripts [322] are denied. Plaintiff is reminded that his response to Defendants' summary judgment motion is due 8/15/2012.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Larry Maurice Banks, a detainee in the custody of the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two Chicago police officers, violated his constitutional rights by pulling him over for a traffic stop even though they knew that he had committed no moving violation. This matter is before the Court for ruling on pending motions.

    Plaintiff's Rule 60 motion for relief from judgment (Doc. 321) is denied. Although the court has not entered judgment in this case, certain claims were dismissed by the 12/16/2011 order. Plaintiff asserts that his false arrest claim was improperly dismissed because, as a "sovereign city" or "sovereign citizen," he should not have been arrested for driving without a license. The argument is without merit. The Seventh Circuit has "repeatedly rejected ... theories of individual sovereignty, immunity from prosecution, and their ilk." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Moreover, because Plaintiff conceded in his fourth amended complaint that he was not carrying his license when the police stopped him, he has no viable claim for false arrest. "Probable cause is an absolute bar to a § 1983 claim for false arrest." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 301-02 (7th Cir. 2011) (quoting *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009)). Courts routinely uphold arrests for violation of the statute requiring drivers to have their license in their possession. *See Covington v. Smith*, 259 Fed. Appx. 871, 875 (7th Cir. 2008) (because the plaintiff admitted that he was observed driving without a license, the officers had probable cause to arrest him, "an absolute bar to any wrongful arrest claim"); *United States v. Bradford*, 78 F.3d 1216, 1222 n.9 (7th Cir. 1996) (same); *Corbett v. White*, No. 00 C 4661, 2001 WL 1098054, *3 (N.D. Ill. Sep. 17, 2001) (Gottschall, J.) ("Illinois law is perfectly

clear that an officer has probable cause to make a custodial arrest when a driver fails to produce a valid driver's license at the scene of a lawful stop of the automobile") (citations omitted).  As the court remains satisfied that it properly dismissed Plaintiff's false arrest claim, his motion for reconsideration is denied.

      Plaintiff's motion to compel the court reporter to turn over deposition transcripts is likewise denied. There is no provision under 28 U.S.C. § 1915 for a party to obtain a free copy of a deposition.  *See* 28 U.S.C. § 1915(c).  Furthermore, Plaintiff should not need a transcript of what he said to opposing counsel; in opposing Defendants' summary judgment motion, he may simply draft an affidavit reiterating his statements.  In any event, Defendants provided a copy of Plaintiff's deposition with their summary judgment papers.  Doc. 325-5.