Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0784 | **DATE** | 10-17-2012 |
| **CASE TITLE** | Larry Maurice Banks (#2011-0711085) vs. Paul Bieble, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to show cause why Cook County is denying me law library access [334] and motion to hold Cook County in contempt [343] are denied. However, the court certifies that this action is pending and reiterates its request that Cook County Jail officials grant Plaintiff reasonable access to the Jail's law library, at least one hour per week. Plaintiff must comply with jail rules governing access to the law library. The Clerk shall mail copies of this order to the Executive Director of the Cook County Correctional Center and to the Cook County Department of Corrections Legal Office. Plaintiff's request for an extension of time is granted. The deadline for responding to Defendants' motion for summary judgment [323] is extended to 11/14/2012. Any reply brief is due by 12/5/2012. The status conference scheduled for 11/7/2012 [330] is stricken and re-set to 1/29/2013 at 9:45 a.m.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

Plaintiff Larry Maurice Banks, a detainee in the custody of the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court for ruling on Plaintiff's motions concerning a purported denial of access to the Cook County Jail's law library.

The motions are denied. Due to penological concerns of security and orderly administration, the court generally defers to the judgment of correctional officials with respect to scheduling inmates' use of the law library. Additionally, Plaintiff's numerous court filings tend to belie any inference that Jail officials have conspired to deny him meaningful access to the courts. *See Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998) ("ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim"). Plaintiff has initiated six lawsuits of his own this year alone, as well as authored many motions and pleadings on behalf of other inmates. Plaintiff seems fully able to exercise his First Amendment rights.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Furthermore, in response to the Court's 8/28/2012 order (Doc. 335), the Jail's law librarian reports that Plaintiff has persistently refused to fill out an inmate request form to use the law library, a procedure required of all detainees. Doc. 346. Plaintiff must follow jail rules for accessing the law library.

Plaintiff maintains that, under the current regime, a specific court order is necessary for him to have access to the law library for one hour a week. Accordingly, the court again certifies that the above-captioned case is pending in federal court and that Plaintiff is not represented by an attorney. The court requests that Jail officials grant Plaintiff reasonable access to the law library, in a manner to be determined by jail administrators. The Court asks that Plaintiff be given at least one hour of access to the law library per week. This order is in no way intended to exempt Plaintiff from adhering to institutional rules regarding law library access.