Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0784 (App. No. 12-3056) | **DATE** | 10-17-2012 |
| **CASE TITLE** | Larry Maurice Banks (#2011-0711085) vs. Paul Bieble, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [347] is denied. Plaintiff did not seek leave to file an interlocutory appeal. Furthermore, he has "struck out" under 28 U.S.C. § 1915(g), and this case does not involve imminent danger of serious physical injury. In addition, the court certifies that the appeal is not taken in good faith. Plaintiff is therefore ordered to pay the appellate fees of $455 by 11/7/2012; if Plaintiff does not comply with this order, the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk shall send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ **[For further details see text below.]**                                    Docketing to mail notices.

## STATEMENT

Plaintiff Larry Maurice Banks, a detainee at the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an interlocutory appeal seeking review of the order (Docs. 210, 211) dismissing his false arrest claim; the appeal is interlocutory because Plaintiff's unlawful restraint claim survived dismissal. The U.S. Court of Appeals for the Seventh Circuit has transferred to this court Plaintiff's motion for leave to appeal *in forma pauperis*.

Plaintiff's request to proceed on appeal *in forma pauperis* is denied. First, Plaintiff did not seek, and the court is not inclined to grant, leave to pursue an interlocutory appeal because the matter being appealed does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Second, Plaintiff has "struck out" under 28 U.S.C. § 1915(g), and is therefore ineligible for *in forma pauperis* status in the absence of imminent danger of serious physical injury. In fact, Plaintiff has been admonished on multiple occasions that seeking leave to proceed *in forma pauperis* notwithstanding his "struck out" status amounts to "fraud" on the Court. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *see also Banks v. Hodel*, Case No. 09 C 1299 (N.D. Ill.), Minute Order of May 18, 2009 (Gottschall, J.); *Banks v. Lesley*, Case No. 10 C 7512 (N.D. Ill.), Minute Order of January 5, 2011 (Kennelly, J.); *Banks v. Brayant*, Case No. 11 C 5352

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

(N.D. Ill.), Minute Order of September 27, 2011 (Kennelly, J.); and *Banks v. Fletcher*, Case No. 11 C 5622 (N.D. Ill.), Minute Order of August 23, 2011 (Kendall, J.). Consequently, the Court of Appeals may determine that Plaintiff's action should "lead to immediate termination of the [appeal]." *Sloan*, 181 F.3d at 859. Third, this action does not raise a substantial issue meriting appellate review. The court remains satisfied that because Plaintiff expressly admitted that he was unable to produce a valid driver's license, his false arrest claim is groundless. *See* 12/16/2011 Order (ruling that probable cause for an arrest is an absolute bar to a false arrest claim, irrespective of the officers' purported motives).

      The court accordingly certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. Under the Seventh Circuit's rules, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis*, but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 by November 16, 2012, or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Alternatively, if Plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification by November 16, 2012. *See* Fed. R. App. P. 24(a)(5).

      Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.