UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MAURICE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 784 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| H.M. FUENTES and I.R. LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Larry Maurice Banks brings this action under 42 U.S.C. § 1983 against two Chicago police officers named Lopez and Fuentes. The operative complaint has one claim for unlawful seizure, which alleges that Defendants pulled over Banks for a traffic stop without probable cause, and one claim for false arrest, which alleges that Defendants effected a custodial arrest of Banks without probable cause at the conclusion of the stop. Docs. 159, 173. The court dismissed the unlawful arrest claim with prejudice under Federal Rule of Civil Procedure 12(b)(6), but allowed the unlawful restraint claim to proceed. 2011 WL 6318597 (N.D. Ill. Dec. 16, 2011). In so ruling, the court noted that because "[t]he pleadings do not reveal the length of time that passed between the commencement of the traffic stop and the arrest," "it cannot be said that the (alleged) unlawful detention was so fleeting that it does not rise to the level of a constitutional injury." *Id.* at *2. Defendants now move under Federal Rule of Civil Procedure 56 for summary judgment on the unlawful restraint claim. Doc. 323. The motion is granted.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether genuine factual issues exist, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See Weber v. Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

On October 29, 2006, at around 1:45 a.m., Banks was driving when Defendants began to follow him in their squad car. Defendants activated their emergency lights and signaled Banks to pull over. As noted above, Banks's unlawful seizure claim alleges that Defendants did not have probable cause for the traffic stop. Precedent holds that "[a] traffic stop and accompanying detention constitute a seizure under the Fourth Amendment," that "an automobile stop violates the Constitution if it is unreasonable under the circumstances," and that "[a] stop is reasonable if the officer has probable cause to believe that a traffic violation has occurred." *Phelan v. Vill. of Lyons*, 531 F.3d 484, 488 (7th Cir. 2008) (internal citations and quotation marks omitted). In determining whether a traffic stop was supported by probable cause, the court's "focus" must be "on the facts [the officer] knew at the time that he decided to stop the vehicle." *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 458 (7th Cir. 2010). "Probable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a

prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011) (internal quotation marks omitted).

Defendants contend that the traffic stop was lawful because they saw Banks driving left of the center line, which is a traffic violation. As a factual predicate for this argument, ¶ 9 of Defendants' Local Rule 56.1(a)(3) statement says: "At approximately 1:45 a.m., LOPEZ and FUENTES saw a vehicle traveling westbound on 59th Street driving left of the center line." Doc. 325 at ¶ 9. Because Defendants support this statement with competent evidence, and because the statement, if true, would defeat Banks's unlawful seizure claim, Banks can survive summary judgment only if he controverts the statement with admissible evidence in the manner required by Local Rule 56.1(b)(3). *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). Local Rule 56.1(b)(3)(B) requires Banks to respond "to each numbered paragraph in [Defendants'] statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). Local Rule 56.1(b)(3)(C) provides: "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."

This court may rigorously enforce compliance with Local Rule 56.1. *See Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment

motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("[w]e have ... repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1") (alternations in original) (internal quotation marks omitted). Whether they seek or oppose summary judgment, parties have a right to expect that Local Rule 56.1 will be enforced and that facts not properly presented under the rule will be disregarded. *See Renta v. Cnty. of Cook*, 2011 WL 249501, at *1-2 (N.D. Ill. Jan. 26, 2011). Given this, the court may enforce Local Rule 56.1 regardless of whether a party explicitly requests enforcement. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) ("there is nothing improper in the court enforcing [a local summary judgment] rule strictly, even if the parties themselves have not raised the matter"); *Speed Boats of Tex., LP v. Bank of Am., N.A.*, 2011 WL 759955, at *1 n.1 (N.D. Ill. Feb. 25, 2011) ("a party's choice not to raise [an opposing party's Local Rule 56.1 violation] does not preclude a district court from holding a party to account for such violations *sua sponte*").

Banks's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 Fed. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of *pro se* litigants, they may

nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 Fed. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion," even though the plaintiff was *pro se*) (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Indeed, because Banks is *pro se*, Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" under Local Rule 56.2, which explained the requirements of Local Rule 56.1 and warned Banks that his failure to properly rebut the facts in Defendants' Local Rule 56.1 statement would result in those facts being deemed admitted. Doc. 328.

Banks's response to ¶ 9 of Defendants' Local Rule 56.1(a)(3) statement says, in relevant part: "At approximately 1:45 a.m. Lopez and Fuentes saw my vehicle traveling westbound on 59th Street, the plaintiff hadn't violated no traffic laws or Illinois statutes warranted for defendants to stop the plaintiff." Doc. 356 at ¶ 9. So far, so good; this response acknowledges and takes issue with Defendants' statement. However, Local Rule 56.1(b)(3)(B) requires more than mere disagreement, providing that "in the case of any disagreement" with the movant's Local Rule 56.1(a)(3) statement, the non-movant's response must contain "specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). The only supporting materials cited in ¶ 9 of Banks's Local 56.1(b)(3)(B) response are "Transcripts 1-142, and see photo of booking no tattoo on my face." Doc. 356 at ¶ 9. The booking photo is irrelevant, as it does not speak to whether Banks had committed a traffic violation before Defendants pulled him over. "Transcripts 1-142" presumably refers to the transcript of Banks's deposition, which Defendants attached to their summary judgment papers.

Doc. 325-5. But referring to an entire deposition transcript fails to comply with Local Rule 56.1(b)(3)(B). As the Seventh Circuit has held:

> [W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a *specific reference* to the affidavit or other part of the record that supports such a denial. *Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are accordingly, inappropriate.* A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity.

*Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (emphases added); *see also Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004); *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 285 (7th Cir. 1997). And as a judge sitting in this District has explained:

> "[S]pecific reference" means including proper ... citations to exact pieces of the record that support the factual contention contained in the paragraph. *In other words, citations must include page (or paragraph) numbers, as opposed to simply citing an entire deposition, affidavit, or other exhibit document.* District courts are not obliged in our adversary system to scour the record looking for factual disputes. Factual allegations not properly supported by citation to the record are nullities.

*Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (emphasis added) (citation and internal quotation marks omitted); *see also Diadenko v. Folino*, __ F. Supp. 2d __, 2012 WL 3598224, at *3 n.4 (N.D. Ill. Aug. 20, 2012).

Because Banks has failed to properly controvert ¶ 9 of Defendants' Local Rule 56.1(a)(3) statement, that paragraph is deemed admitted. The paragraph states that, "[a]t approximately 1:45 a.m., LOPEZ and FUENTES saw a vehicle traveling westbound on 59th Street driving left of the center line." Doc. 325 at ¶ 9. The fact that Defendants saw Banks's vehicle driving left of

the center line provided probable cause for the traffic stop, which defeats Banks's unlawful restraint claim as a matter of law. See *Phelan*, 531 F.3d at 488.

This holding disposes of the last of Banks's claims. If Banks wishes to appeal, he must file a notice of appeal with the Clerk of Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1)(A). Section 1915(g) of Title 28 provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [authorizing parties to proceed *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The court notes that Banks has "struck out" under § 1915(g). See *Banks v. Cook Cnty.*, No. 12 C 8647, Docs. 5 & 8 (N.D. Ill. Oct. 31, 2012); *Banks v. Brayant*, No. 11 C 5352, Doc. 10 (N.D. Ill. Sept. 27, 2011) (listing at least three strikes); *Banks v. Mills*, No. 10 C 1486, Docs. 6 & 12 (N.D. Ill. June 1, 2010) (same); *Banks v. Hodel*, No. 09 C 1299, Doc. 8 (N.D. Ill. May 18, 2009) (same). Because this case does not involve imminent danger of severe physical injury, any notice of appeal must be accompanied by the $455.00 appellate filing fee. See *Strope v. Cummings*, 653 F.3d 1271, 1272 (10th Cir. 2011) ("When a prisoner has accumulated three strikes, he has 'struck out' from proceeding IFP [*in forma pauperis*] in a new civil action or appeal."); *Smith v. Veterans' Admin.*, 636 F.3d 1306, 1314-15 (10th Cir. 2011).

December 11, 2012

_____
United States District Judge